## D. JOHNSON *v.* THE STATE.

1. CONTINUANCE. — A third continuance having been a matter for the discretion of the court below under the original Code (as all continuances now are by the Revised Code), and not a matter of right, this court declines to revise a refusal thereof.

2. SAME. — Evidence which, if adduced, would not tend to show facts inconsistent with the defendant's guilt is not of that materiality necessary to support an application for a continuance.

APPEAL from the District Court of Hunt.     Tried below before the Hon. G. J. CLARK.

The rulings call for no detail of the evidence.     Blake, of whom mention is made in the opinion, was the principal witness for the State.     The punishment assessed and adjudged against the appellant, was confinement in the penitentiary for three years.

*T. D. Montrose,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J.     The application for continuance was the third one made by defendant in this case, as is shown by explanation of the judge to the bill of exceptions reserved

to the action of the court overruling it. The application being one addressed to the sound discretion of the court, and not being a matter of right, — as indeed no application now is, under the existing law (Rev. Stats., Code Cr. Proc., art. 560), — we do not feel called upon to revise the action; and especially since the facts proposed to be proved by the witness might all be true and yet not inconsistent with defendant's guilt. For Blake could have made the saws as detailed, a few days before he (Blake) was confined in jail, and might have made them for the purpose of conveying them into jail, and yet the same identical saws may have been conveyed into jail at the instance of Blake by defendant, in the soles of his (defendant's) boots, as was proved on the trial. The facts proposed to be proven would not, as stated in the affidavit, even if true, have excused defendant.

We have examined the record with care, and find no material error in it. The evidence was sufficient to warrant the verdict, under a charge which presented the law in a full and perspicuous manner, and one as favorable to defendant as he was entitled to by law. The judgment is therefore affirmed.

*Affirmed.*